## ASSIGNMENT OF CONVERTIBLE DEBENTURE

THIS ASSIGNMENT made this 29th day of September 2015, by and between Kong Tung ("Assignor"), and Rockwell Capital Partners Inc (Assignee"):

### ARTICLE 1
### ASSIGNMENT OF DEBENTURE

**Section 1.1    Debenture**

Assignor loaned $600,000 to CD International Enterprises, Inc on or about April 29, 2014, as evidenced by the Convertible Debenture attached hereto as Exhibit A.

**Section 1.2    Assignment and Consideration.**

In consideration of $107,000 due upon closing; and payments of up to $100,000 every 45 days until the entire $814,000 debt is extinguished, Assignor assigns to Assignee all right title and interest to that CD International Enterprises, Inc convertible debenture described in Section 1.1 including $600,000 of unpaid principal and $214,000 accrued and unpaid interest. If Rockwell Capital Partners fails to make a payment within 45 days, the remaining balance on the debt will be returned to the Assignor Kong Tung, and Assignor will be free to sell remaining debt to another third party.

### ARTICLE II
### REPRESENTATIONS AND WARRANTIES OF THE ASSIGNOR

Assignor hereby represents and warrant in all material respects to Assignee, with the intent that it will rely thereon in entering into this Agreement and in approving and completing the transactions contemplated hereby, that:

**Section 2.1    Authority; Due Authorization**

The Assignor has the full right, power and authority to execute and deliver this Agreement, to consummate the transactions contemplated hereby and thereby and to perform its obligations hereunder and thereunder. The execution and delivery by the Assignor of this Agreement, the performance by the Assignor of its obligations hereunder and thereunder, including the delivery of the Closing Deliverables, have been duly and validly authorized by all necessary action in respect thereof. No other proceedings on the part of the Assignor are necessary to authorize the execution and delivery of this Agreement and the performance by the Assignor of its obligations hereunder or thereunder. This Agreement has been, or, when executed will be, duly executed and delivered by the Assignor. This Agreement constitutes valid and binding obligations of the Assignor, enforceable against it in accordance with their respective terms, subject to applicable bankruptcy, insolvency, moratorium, reorganization and similar laws affecting creditor's rights generally and to general equitable principles.

**Section 2.2    Indemnification**

Assignor agrees to indemnify and save harmless Assignee from and against any and all claims, demands, actions, suits, proceedings, assessments, judgments, damages, costs, losses and expenses, including any payment made in good faith in settlement of any claim (subject to the right of Assignor to defend any such claim), resulting from the breach by Assignor of any representation or warranty made under this Agreement or from any misrepresentation in or omission from any certificate or other instrument furnished or to be furnished by Assignor hereunder.

**Section 2.3    Non-Affiliate; Consideration**

Assignor is not now an affiliate of CD International Enterprises, Inc nor has been an officer, director or affiliate at any time during the 90 days prior hereto. Assignor represents that good and valuable consideration was paid for the Convertible Debenture on or about the original issuance date thereof and that such amount has not been repaid except as otherwise set forth herein.



**Exhibit 1**

## ARTICLE III
## REPRESENTATIONS AND WARRANTIES OF THE ASSIGNEE

Assignee hereby represents and warrant in all material respects to Assignor, with the intent that it will rely thereon in entering into this Agreement and in approving and completing the transactions contemplated hereby, that:

Section 3.1    Authority; Due Authorization

The Assignee has the full right, power and authority to execute and deliver this Agreement, to consummate the transactions contemplated hereby and thereby and to perform its obligations hereunder and thereunder. The execution and delivery by the Assignee of this Agreement, the performance by the Assignee of its obligations hereunder and thereunder, including the delivery of the Closing Deliverables, have been duly and validly authorized by all necessary action in respect thereof. No other proceedings on the part of the Assignee are necessary to authorize the execution and delivery of this Agreement and the performance by the Assignee of its obligations hereunder or thereunder. This Agreement has been, or, when executed will be, duly executed and delivered by the Assignee. This Agreement constitutes valid and binding obligations of the Assignee, enforceable against it in accordance with their respective terms, subject to applicable bankruptcy, insolvency, moratorium, reorganization and similar laws affecting creditor's rights generally and to general equitable principles.

Section 3.2    Indemnification

Assignee agrees to indemnify and save harmless Assignor from and against any and all claims, demands, actions, suits, proceedings, assessments, judgments, damages, costs, losses and expenses, including any payment made in good faith in settlement of any claim (subject to the right of Assignee to defend any such claim), resulting from the breach by Assignee of any representation or warranty made under this Agreement or from any misrepresentation in or omission from any certificate or other instrument furnished or to be furnished by Assignee hereunder.

## ARTICLE IV
## MISCELLANEOUS

Section 4.1    Survival of Representations, Warranties and Agreements

The representations, warranties and covenants in this Agreement, including any rights arising out of any breach of such representations and warranties, shall survive the Closing for a period of two years.

Section 4.2    Transfer; Successors and Assigns

The provisions of this Agreement shall inure to the benefit of, and shall be binding upon, the successors and permitted assigns of the parties hereto; provided, however, that this Agreement may not be assigned in the absence of the prior written consent of both Assignee and Assignor.

Section 4.3    Governing Law

This Agreement and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of the State of Florida, without giving effect to principles or conflicts of law.

Section 4.4    Counterparts

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument. This Agreement may be executed by facsimile signature and/or a scan of any such signature into electronic format.

Section 4.5    Titles and Subtitles

The titles and subtitles used in this Agreement are used for convenience only and are not to be considered in construing or interpreting this Agreement.

Section 4.6    Notices

Except as may be provided herein, all notices, requests, waivers and other communications under this Agreement

shall be in writing and shall be conclusively deemed delivered and effective (i) when hand delivered to the other party, (ii) five business days after being sent by registered or certified mail, return receipt requested, postage prepaid, (iii) one business day after being sent via a reputable nationwide overnight courier service guaranteeing next business day delivery, (iv) via electronic mail or (iv) in the case of a facsimile transmission, upon transmission thereof by the sender and the issuance by the transmitting machine of a confirmation slip confirming that the number of pages constituting the notice have been transmitted without error; provided, however, that the sender shall contemporaneously mail a copy of the notice to the addressee by the method provided for in (i) or (ii) above, but such mailing shall in no way alter the time at which the notice sent by facsimile transmission is deemed received, in each case to the intended recipient as set forth below:

If to the Assignor, to:

Kong Tung
38B, Tower 7, Phase 2 Residence
Bel-Air Pok Fu Lam, Hong Kong

If to the Assignee, to:

Rockwell Capital Partners Inc
919 N Market St #1401
Wilmington, DE 19801
Email: spo@rockwellcp.com

Section 4.8    Fees and Expenses

Except as otherwise expressly provided herein, the Assignor and Assignee will each pay their own respective costs and expenses in connection with the negotiation, preparation, execution and delivery of this Agreement and the consummation of the transactions contemplated hereby, including, but not limited to, attorneys' fees, accountants' fees and other professional fees and expenses.

Section 4.9    Amendments and Waivers

Any term of this Agreement may be amended, only in writing signed by the Assignor and the Assignee.

Section 4.10    Severability

If one or more provisions of this Agreement are held to be unenforceable under applicable law, the parties agree to renegotiate such provision in good faith. In the event that the parties cannot reach a mutually agreeable and enforceable replacement for such provision, then (a) such provision shall be excluded from this Agreement, (b) the balance of the Agreement shall be interpreted as if such provision were so excluded and (c) the balance of the Agreement shall be enforceable in accordance with its terms

Section 4.11    Default Provision

If one or more of the following described "Events of Default" shall occur:

a) The Company shall cease to be "current" in its filings with the Securities and Exchange Commission or OTC markets;
b) If Company shall default in promptly delivering the Conversion Shares to Rockwell Capital Partners Inc in the form and mode of delivery as required;
c) If Bankruptcy, dissolution, receivership, reorganization, insolvency or liquidation proceedings or other proceedings for relief under any bankruptcy law or any law for the relief of debtors or other legal proceedings for any reason shall be instituted by or against the Company;
d) If the trading of the Common Stock shall have been halted, limited, or suspended by the SEC or on the Principal Market;
e) if at any time, the Market Price for the Company's Common Stock drops to at or below .005
f) If at any time it appears reasonably likely that there may be insufficient authorized shares to satisfy conversion of debt

Then the Assignee at the Assignee's option and sole discretion shall have no further obligation to comply with the terms of this agreement and can thus opt out of making any remaining payments, if applicable.

Section 4.12    Delays or Omissions

No delay or omission to exercise any right, power or remedy accruing to any party under this Agreement, upon any breach or default of any other party under this Agreement, shall impair any such right, power or remedy of such non-breaching or non-defaulting party nor shall it be construed to be a waiver of any such breach or default, or an acquiescence therein, or of or in any similar breach or default thereafter occurring; nor shall any waiver of any single breach or default be deemed a waiver of any other breach or default theretofore or thereafter occurring. Any waiver, permit, consent or approval of any kind or character on the part of any party of any breach or default under this Agreement, or any waiver on the part of any party of any provisions or conditions of this Agreement, must be in writing and shall be effective only to the extent specifically set forth in such writing. All remedies, either under this Agreement or by law or otherwise afforded to any party, shall be cumulative and not alternative.

Section 4.13    Entire Agreement

This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and any and all other written or oral agreements relating to the subject matter hereof existing between the parties hereto are expressly canceled.

IN WITNESS WHEREOF, the Assignor has executed this agreement on the date first stated above.

Kong Tung

By: _____

Rockwell Capital Partners Inc

By: _____
Name: _____
Title: _____

Acknowledged by:

CD International Enterprises, Inc.

By: _____